IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHNNY ALBA, | CIV. NO. 25-00094 JMS-KJM |
| Plaintiff, | |
| | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, ECF NO. 20, WITH LEAVE TO AMEND |
| v. | |
| HALAWA CORRECTIONAL FACILITY, | |
| Defendant. | |

## ORDER  GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, ECF NO. 20, WITH LEAVE TO AMEND

On March 3, 2025, Plaintiff Johnny Alba ("Plaintiff") filed a Complaint against the Halawa Correctional Facility ("HCF").  ECF No. 1.  For the reasons that follow, the court DISMISSES the Complaint with leave to amend.

## I.  BACKGROUND

Plaintiff asserts a 42 U.S.C. § 1983 claim against HCF, setting forth allegations relating to his medical treatment while incarcerated by the State of Hawaii at HCF.[1]  He alleges that HCF violated his due process rights on March 3,

---

[1]  HCF is part of the State of Hawaii Department of Corrections and Rehabilitation.  *See* https://dcr.hawaii.gov/halawa/ [https://perma.cc/6U6P-3Q4M].

2023, when it delayed getting him necessary treatment for a serious medical condition.  *Id*. at PageID.4.[2]  Plaintiff seeks only money damages.  *Id*. at PageID.6.

On November 11, 2025, HCF filed a Motion to Dismiss.  ECF No. 20. Plaintiff, represented by counsel, failed to file a response.[3]  The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely

---

[2]  Plaintiff also attempts to bring a claim pursuant *to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  A *Bivens* claim, however, cannot be brought against an individual acting under color of state law—instead, it requires that a plaintiff plead facts alleging a violation of constitutional rights caused by agents acting under the color of *federal* law.  *See Dillard v. United States Defendants*, 2024 WL 4953552, at *1 (D. Idaho Dec. 3, 2024).

[3]  Defendant State of Hawaii, Department of Corrections and Rehabilitation informed the court that because no opposition had been filed, it would not file a reply brief.  ECF No. 23.

2

"conceivable" ones. *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). And in a 12(b)(6) analysis, the court accepts as true the material facts alleged in the complaint and construes them in the light most favorable to the nonmovant. *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).

## III.  <u>DISCUSSION</u>

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  As to claims against a state itself, "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought," absent unequivocal consent by the state. *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).  "Hawaii, its agencies, and its officers and agents in their official capacities are immune from and cannot be held liable for claims for money damages for violation of constitutional rights under § 1983." *Makanui v. Dep't of Educ.*, 6 Haw. App. 397, 406, 721 P.2d 165, 171–72 (1986) (citation and footnote omitted).  Thus, unless the state has unequivocally waived its sovereign immunity or Congress "exercises its power

3

under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in their official capacities) are immune from suit under the Eleventh Amendment."[4]  *McNally v. Univ. of Haw.*, 780 F. Supp. 2d 1037, 1055 (D. Haw. 2011).[5]

Here, HCF is a correctional facility within the State of Hawaii, and is thus afforded the protections of the Eleventh Amendment.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) (finding that the State of Hawaii was "entitled to the protections of sovereign immunity under the Eleventh Amendment" in suit by state prisoners challenging Hawaii's Sex Offender

---

[4]  Hawaii has not waived its Eleventh Amendment immunity.  *See, e.g.*, *Sherez v. State of Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142 (D. Haw. 2005).  Hawaii has waived its sovereign immunity as to the torts of its employees.  *See* State Tort Liability Act, Haw. Rev. Stat. ch. 662.  This waiver, however, only applies to suits brought in state court and, by itself, does not constitute a waiver of Eleventh Amendment immunity.  *McNally v. Univ. of Haw.*, 780 F. Supp. 2d 1037, 1059 (D. Haw. 2011).  Further, Congress has not acted to override Eleventh Amendment immunity for claims for money damages like those Plaintiff asserts.  *Id.* at 1056 ("[T]he Eleventh Amendment bars [plaintiff's] money damage claims unless Congress abrogates that immunity.  Congress has not done so.").

[5]  An exception to this immunity is the doctrine of *Ex parte Young*, which provides that a plaintiff may maintain a suit for prospective injunctive relief against a state official in his or her official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law.  *Ex parte Young*, 209 U.S. 123, 159–60 (1908).  Whether the *Ex parte Young* doctrine applies turns on the question of whether the relief the plaintiff seeks is prospective, aimed at remedying an ongoing violation of federal law, or is retrospective, aimed at remedying a past violation of the law.  *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).  Under *Ex parte Young*, requests for declaratory and/or injunctive relief can only be brought against a state official, not the State or any named state agencies.  *See, e.g.*, *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir.), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (holding "two state agencies [were] immune from suit because they are state entities, not individual state officers.").  As pled, the Complaint does not seek equitable or injunctive relief; hence, *Ex parte Young* is inapplicable here.

Treatment Program); *McGinnis v. Halawa Corr. Facility*, 2021 WL 115654, at *3 (D. Haw. Jan. 12, 2021) (holding that any claims against HCF "are barred by the Eleventh Amendment"); *Kaimi v. Hawaii, Dep't of Pub. Safety*, 2013 WL 5597053, at *3 (D. Haw. Oct. 11, 2013) (finding that claims against a State of Hawaii correctional facility are barred by the Eleventh Amendment); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015).  In sum, claims against HCF are barred by the Eleventh Amendment and DISMISSED.  Because Plaintiff may be able to amend his Complaint to state a claim under § 1983, the dismissal is with leave to amend.

       If Plaintiff chooses to file an amended complaint, he must clearly state: (1) the name of each defendant who violated the constitutional or statutory right he believes was violated; (2) how each defendant has injured him; and (3) the relief he seeks as to that defendant.  In other words, Plaintiff must list each defendant and explain to the court what it is that each defendant did or failed to do, and the specific injury that Plaintiff suffered as a result.  If Plaintiff fails to affirmatively link the conduct of each defendant with the specific injury he suffered, the allegations against each defendant will be dismissed for failure to state a claim.

       Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint may not incorporate

any part of the original Complaint by reference.  Any cause of action not raised in the first amended complaint is waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the court DISMISSES the Complaint, ECF No. 1, with leave to amend.  Plaintiff is granted leave to amend as described in this Order by January 5, 2026.  Failure to file an amended complaint by that date will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 19, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge