IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHNNY ALBA,<br><br>Plaintiff,<br><br>v.<br><br>DR. MAURA TRESCH,<br><br>Defendant. | CIV. NO. 25-00094 JMS-KJM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ECF NO. 42, WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ECF NO. 42, WITH LEAVE TO AMEND**

## I. INTRODUCTION

On January 6, 2026, Plaintiff Johnny Alba ("Plaintiff") filed an Amended Complaint against Dr. Maura Tresch ("Defendant"), asserting a 42 U.S.C. § 1983 claim for deliberate medical indifference under the Eighth Amendment. Because Plaintiff has failed to adequately state this claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court DISMISSES the Amended Complaint with leave to amend.

## II. BACKGROUND

### A. Factual Background[1]

On March 3, 2023, while imprisoned at Halawa Correctional Facility ("HCF"), Plaintiff sought medical care due to an inability to urinate. ECF No. 25 at PageID.57. After Plaintiff arrived at HCF's medical facility, a "nurse stuck a tube up [his] penis and it filled with blood." *Id.* Defendant was "working at [HCF] at the time," *id.* at PageID.56, and "direct[ed] . . . the medical staff . . . to delay taking . . . Plaintiff to the hospital," *id.* at PageID.58. As a result, Plaintiff "waited several hours" before being transported to Queen's Hospital for further treatment. *Id.* at PageID.57. There, "doctors determined that they needed to operate immediately," *id.*, and informed Plaintiff that he "could have died from the delay," *id.* at PageID.58. The doctors identified a cancerous tumor on Plaintiff's removed kidney, and Plaintiff continues to undergo cancer treatment. *Id.*

### B. Procedural Background

Plaintiff filed his original Complaint on March 3, 2025, asserting a 42 U.S.C. § 1983 claim[2] against HCF based on the alleged delay in his receiving

---

[1] At "the motion-to-dismiss stage, the [c]ourt assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

[2] "Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). Under § 1983, "plaintiffs may seek damages against a state official in his personal capacity." *Id.*

"necessary medical treatment" two years prior. ECF No. 1 at PageID.4. On November 12, 2025, the State of Hawaii, Department of Corrections and Rehabilitation, acting on behalf of HCF, moved to dismiss the claim as barred by the Eleventh Amendment. ECF No. 20-1 at PageID.36, 38–39. On December 19, 2025, the court dismissed the Complaint against HCF on those grounds and gave Plaintiff leave to amend. ECF No. 24 at PageID.50–52.

Plaintiff filed his Amended Complaint, reasserting his § 1983 claim against this newly named defendant, on January 6, 2026. ECF No. 25. He seeks only monetary damages. *Id.* at PageID.58. On August 7, 2026, Defendant moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 42 at PageID.77; *see also* ECF No. 42-1. Plaintiff filed an opposition on August 31, 2026, ECF No. 44, and Defendant filed a reply on September 3, 2026, ECF No. 45. A hearing was held on October 7, 2026.

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" attack accepts the truth of the plaintiff's allegations but

asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* Here, Defendant brings a facial challenge. *See* ECF No. 45 at Page.ID.103. The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction. *Pride v. Correa,* 719 F.3d 1130, 1133 (9th Cir. 2013).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In analyzing the complaint, the court "assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S.

175, 181 (2024) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

## IV. DISCUSSION

### A. The Court Has Jurisdiction Over Plaintiff's Claim

Defendant first argues that the court lacks jurisdiction because Plaintiff lacks standing. *See* ECF No. 42-1 at PageID.86. The court disagrees.

The United States Constitution vests the Judiciary with power to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2. "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation and quotation marks omitted). Article III standing requires a plaintiff to show: (1) "that he suffered an injury in fact that is concrete, particularized, and actual or imminent;" (2) "that the injury was likely caused by the defendant;" and (3) "that the injury would likely be redressed by judicial relief." *Id.*

Concreteness is satisfied when the defendant "has caused physical . . . injury" to the plaintiff. *Id.* at 425. An injury is "actual" if it is more than merely "conjectural or hypothetical," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation marks omitted), and is "particularized" when it "affect[s] the plaintiff in a personal and individual way," *id.* at 560 n.1. "At the

pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1209 (9th Cir. 2022) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)).

Here, Plaintiff alleges that Defendant "direct[ed]" HCF to delay providing him further medical treatment after he presented with an inability to urinate, was catheterized, and the catheter "filled with blood." ECF No. 25 at PageID.57. As a result, Plaintiff was forced to wait for "several hours" before he was transported to the hospital, where doctors performed emergency kidney removal surgery and informed him that he "could have died" because of the delay. *Id.*; *id.* at PageID.58. Plaintiff further alleges that he "still suffers continuously to date" due to this experience. *Id.* at PageID.57.

From these facts, it is reasonable to infer that Plaintiff experienced some degree of physical pain and suffering during the several hours in which he waited to be transported to the hospital—a delay that he directly attributes to Defendant's actions. *See id.* at PageID.58; *see also TransUnion LLC*, 594 U.S. at 415. Plaintiff further alleges that this delay caused him physical injury because his condition progressed to the point that doctors informed him it could have become fatal. ECF No. 25 at PageID.58. At the pleading stage, these allegations are

sufficient to establish a concrete, particularized, and actual injury that is causally connected to Defendant and can potentially be redressed by monetary relief. Plaintiff has therefore sufficiently alleged Article III standing to invoke the court's subject matter jurisdiction.

## B. Plaintiff Fails to State an Eighth Amendment Claim

### *1. Legal Framework for Eighth Amendment Inadequate Medical Care Claims*

"Individuals in state custody have a constitutional right to adequate medical treatment." *Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). For convicted prisoners,[3] "that right is part of the Eighth Amendment's guarantee against cruel and unusual punishment." *Id.*; *see also* U.S. Const. amend. VIII. This is so because inmates "must rely on prison authorities to treat [their] medical needs," or else not have those needs met. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). In contravention of the Eighth Amendment, "denial of medical care" can "produce physical 'torture or a lingering death,'" or "result in pain and suffering which no one suggests would serve any penological purpose." *Id.*

[3] Although the Amended Complaint does not specify whether Plaintiff was being held at HCF as a pretrial detainee or to serve a post-conviction sentence, Plaintiff states in his request for leave to file a second amended complaint that he was a "convicted felon at the time he brought this complaint" and "is bringing [this] action as a violation of the Eighth Amendment." ECF No. 44 at PageID.98. Given this statement, the court conducts its analysis under the subjective Eighth Amendment standard rather than the objective standard arising under the Fourteenth Amendment. *See, e.g.*, *Sandoval v. County of San Diego*, 985 F.3d 657, 667–69 (9th Cir. 2021).

(quoting *In re Kemmler*, 136 U.S. 436, 447 (1890)). Accordingly, "deliberate indifference to serious medical needs of prisoners" is "proscribed by the Eighth Amendment," *id.* at 104, and "actionable under 42 U.S.C. § 1983," *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Whether a plaintiff's Eighth Amendment rights have been violated presents a "mixed question of law and fact." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). To bring an inadequate medical care claim under the Eighth Amendment, a plaintiff must establish both that (1) he had a serious medical need, and (2) the defendant was deliberately indifferent to that need. *See, e.g.*, *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785–86 (9th Cir. 2019). Because Defendant has not challenged Plaintiff's serious medical need, the court focuses its analysis on deliberate indifference.

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (1988). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment[,]" *Edmo*, 935 F.3d at 786, and deliberate indifference thus requires "a purposeful act or failure to act on the part of the defendant[,]" *McGuckin*, 974 F.2d at 1060; *see*

*also Farmer v. Brennan*, 511 U.S. 825, 839 (1994) (analogizing deliberate indifference to "subjective recklessness as used in the criminal law."). An individual official may therefore only be liable where he both "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (explaining that a deliberate indifference claim requires a plaintiff to show that the defendant was "(a) *subjectively aware* of the serious medical need and (b) failed to adequately respond." (citation omitted)).

In addition to alleging that the defendant acted purposefully, a plaintiff must show that he suffered "harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).[4] Such harm need not be "substantial[,]" though "a finding that the inmate was seriously harmed by the defendant's action or inaction tends to provide additional support to a claim that the defendant was 'deliberately indifferent' to the prisoner's medical needs."

---

[4] The Ninth Circuit has stated that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)). In other words, a plaintiff whose claim arises from a delay in medical treatment, like all Eighth Amendment plaintiffs, must allege that the defendant's action or inaction "was harmful." *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable [Eighth Amendment] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."). Thus, it is insufficient for a plaintiff to simply identify a delay in treatment without also alleging facts about the harmful impact of the delay and the defendant's causal connection to that harm. *Cf. Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (finding allegations "sufficient to state a claim of deliberate medical indifference" based on delay in dental treatment where plaintiff alleged specific facts showing that "prison officials were aware" that his dental issues were "causing him severe pain and resulting in permanent damage to his teeth" but failed to act).

*McGuckin*, 974 F.2d at 1060 (citations and emphasis omitted). In sum, the deliberate indifference prong is satisfied where a plaintiff shows that the defendant (1) was "subjectively aware of [the plaintiff's] serious medical need"; (2) "failed to adequately respond," through either action or inaction; and (3) "actual[ly] and proximate[ly]" caused the plaintiff's injuries through that action or inaction. *Lemire*, 726 F.3d at 1074, 1082 (citation omitted).

### *2. Plaintiff's Claim*

The relevant facts in Plaintiff's Amended Complaint are as follows:

- Defendant was "the doctor working at [HCF] at the time" Plaintiff sought care at the prison's medical facility on March 3, 2023. ECF No. 25 at PageID.56–57.
- After Plaintiff was catheterized by a nurse and the tube "filled with blood[,]" Defendant "direct[ed]" HCF to delay Plaintiff's transport to Queen's Hospital. *Id.* at PageID.57.
- As a result of Defendant's "direction to the medical staff . . . to delay taking . . . Plaintiff to the hospital[,]" *id.* at PageID.58, Plaintiff "waited several hours" before receiving necessary medical care, *id.* at PageID.57.
- At the hospital, Plaintiff underwent immediate, emergency surgery to remove his kidney. *Id.* The doctors identified a cancerous tumor on the removed kidney. *Id.*
- The hospital doctors "indicated that . . . Plaintiff could have died from the delay caused by . . . Defendant's direction[.]" *Id.* at PageID.58.

Although these facts suggest that Defendant took action by directing the medical staff to delay Plaintiff's transportation to the hospital, and that Plaintiff was harmed by this delay, the Amended Complaint is devoid of facts suggesting that Defendant acted while "know[ing] of and disregard[ing] an excessive risk to [Plaintiff's] health." *Farmer*, 511 U.S. at 837. Indeed, it is unclear on the face of the complaint what, if anything, Defendant knew about Plaintiff's condition at the time of these events or the extent of her alleged "direction" to medical staff. Plaintiff has thus failed to allege facts that sufficiently demonstrate Defendant was "subjectively aware of [his] serious medical need" and "failed to adequately respond." *Lemire*, 726 F.3d at 1082 (emphasis omitted).

Because Plaintiff has failed to state a claim upon which relief can be granted, the Amended Complaint is DISMISSED pursuant to Federal Rule 12(b)(6). Because Plaintiff may be able to amend the Amended Complaint to state a claim under § 1983, the dismissal is with leave to amend. *See, e.g.*, *Schmitt v. Kaiser Found. Health Plan of Wash.*, 965 F.3d 945, 960 (9th Cir. 2020) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted)).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Violation of Civil Rights, ECF No. 42,

and DISMISSES the Amended Complaint, ECF No. 25, with leave to amend to attempt to correct deficiencies discussed in this Order. Plaintiff is granted leave to amend by November 9, 2026. Failure to file an amended complaint by that date will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 9, 2026.

/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge